People v Kurita (2019 NY Slip Op 03728)





People v Kurita


2019 NY Slip Op 03728


Decided on May 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2019

Friedman, J.P., Kapnick, Gesmer, Oing, Moulton, JJ.


8141 3563/10

[*1]The People of the State of New York, Respondent,
v
Julian Kurita, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Anastasia Heeger of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered July 10, 2012, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 15 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-49 [2007]). There is no basis for disturbing the jury's rejection, after considering conflicting expert testimony, of defendant's insanity defense. Defendant did not prove, by a preponderance of the evidence, that he lacked substantial capacity to appreciate that the act of killing the victim was morally wrong (see Penal Law § 40.15).
Defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant's ineffective assistance claim is based on his attorney's lack of objection to various portions of the prosecutor's summation. However, defendant has not shown that the absence of objections fell below an objective standard of reasonableness, or that they deprived defendant of a fair trial or affected the outcome of the case. The remarks at issue generally constituted permissible comment on the evidence, including reasonable inferences to be drawn therefrom, and where the summation arguably went beyond the evidence, this was not so egregious as to deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]). To the extent defendant's argument may be viewed as seeking reversal in the interest of
justice based on concededly unpreserved errors, we decline to extend such relief.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2019
CLERK